## Wickham *versus* Berry.

A testator gave to his wife "one-third of his real and personal estate, to use, occupy and enjoy as long as she remained his widow; at her marriage or death," the remainder "to trustees for his son during life, and at his death, to his heirs in fee." In another clause he gave to the same trustees all the residue of his estate "for the use, support and maintenance of his son, and in case of his death without issue, to the use and support of testator's sisters and brother, or the survivor—at the happening of that event; and directed the trustees to educate his son; and to keep the farm without sale or division during his life, and make it as profitable as may be for him and his heirs, and at his and their death to his sisters and brother, or such as may be living on the happening of the event as heretofore expressed." The will created an active special trust, and the son, on arriving at age, was not entitled to the possession of the farm.

March 13th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ. READ, J., absent.

Error to the Court of Common Pleas of *Tioga county*.

This was an amicable action of ejectment by Thomas J. Berry against Benjamin C. Wickham and Joseph Aiken, trustees of the estate of Thomas J. Berry, deceased, in which a case was stated for the judgment of the court on the following facts:—

"On the 5th day of March 1853, Thomas J. Berry, of Tioga in said county, died leaving a widow, Phebe M. Berry, and an only child, Thomas J. Berry, the plaintiff in this suit, who was about twenty years old at the time of his father's death, and who has since been married and now has two sons, the eldest about two years old. That said decedent also left one sister who is now living.

"The decedent owned at the time of his death about 320 acres of land, besides some personal property; and by his will, dated August 30th 1847, directed as follows:—

[Wickham v. Berry.]

"'I give and bequeath to my wife Phebe one-third of all my real and personal estate, to use, occupy and enjoy the same so long as she remains my widow; and in case of her marriage or death, the remainder to Benjamin C. Wickham and Joseph Aiken in trust for my son Thomas Berry, during his life, and at his death to his heirs in fee simple.

"'I give and bequeath unto Benjamin C. Wickham and Joseph Aiken, all the rest and residue of my estate, in trust nevertheless, to and for the use, support and maintenance of my son Thomas Berry; and in case of his death without issue, to the use and support of my sisters and brother, if living, or their survivor, at the happening of that event. I desire and direct my executors to support and educate my son Thomas out of and from the trust estate hereby created, and if my son Thomas so desires, to give him a collegiate education at such college as the said Thomas and my executors think best: to keep the farm and property without sale or division during the life of the said Thomas, and make the same as profitable as may be for him and his heirs, and at his and their death, to my sisters and brother, or such of them as may be living on the happening of the event as heretofore expressed.'

"At the date of the will the plaintiff was only about four years old, and his father then had living a brother and two sisters, but the brother and one sister soon after died, and one sister, plaintiff's aunt, is still living. After decedent's death, the trustees and executors assumed the duties of their appointment, but permitted said plaintiff to manage the property of said estate until part was sold under a judgment for a debt of the decedent and other debts of son and his mother, which they had contracted in the management of said estate. After said sale, there still being a large amount of judgments and debts against the son and said estate, about the 1st day of September 1866, on the application of himself and his mother and the trustees, the Orphans' Court authorized them to borrow $5000 to pay said debts and judgments, &c., and possession of the premises was soon after delivered to the trustees.

"If in the opinion of the court the plaintiff is entitled to recover and hold said lot of land, judgment is to be entered for the plaintiff, and if in their opinion the balance of said $5000 should be expended in paying the debts of the plaintiff and his mother, the court shall so direct, &c."

The court, December 15th 1866, entered judgment for the plaintiff for the land described in the case stated.

On the other question stated, involving the disposition of a portion of the $5000, raised under the direction of the Orphans' Court, the court, deeming that they had no power to decree distribution, gave an advisory opinion merely.

The defendants removed the case into the Supreme Court and

[Wickham *v.* Berry.]

assigned for error the judgment of the court below that the plaintiff was entitled to the land.

*C. H. Seymour*, for plaintiff in error.

There was no paper-book on the other side.

The opinion of the court was delivered, May 13th 1867, by

AGNEW, J.—Thomas J. Berry made his will when his son, Thomas J. Berry, was a minor, devising that portion of his estate intended for his son to Wickham and Aiken, as trustees, to and for the use, support and maintenance of his son, and at his death without issue, to the use and support of testator's sisters and brother or the survivor. He then proceeded to say, I desire and direct my executors to support and educate my son Thomas out of and from the trust estate hereby created, and if my son Thomas so desires to give him a collegiate education at such college as the said Thomas and my executors think best. To keep the farm and property without sale or division during the life of the said Thomas, and make the same as profitable as may be for him and his heirs, and at his and their death, to my sisters and brother or such of them as may be living on the happening of the event before expressed. He also appointed the same persons his executors.

Though inartificially expressed, this will certainly created an active special trust, involving the care and management of the farm, to make it profitable, to educate and maintain Thomas and at his death without issue to continue to manage and make it profitable, and to support the testator's sisters and brother thereout.

Since the case of Barnett's Appeal, 10 Wright 393, followed by Shankland's Appeal, 11 Id. 113, overruling Kuhn *v.* Newman, 2 Casey 227, Bush's Appeal, 9 Id. 85, and Kay *v.* Scates, 1 Wright 31; and restoring the law of trusts to its ancient foundation; an active special trust for a minor for life, is not considered executed by his arrival at majority. The court below, therefore, erred in giving judgment for Thomas J. Berry against his trustees.

The court below gave an advisory opinion as to the distribution of the proceeds of the mortgage executed under the order of the Orphans' Court, but made no decision, considering very properly that the question was not properly before them in this ejectment. On this point we are not disposed to go out of our way to volunteer advice, and therefore shall say nothing.

Judgment reversed, and judgment for the defendants below for costs.